IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 23-00197-01-CR-W-HFS |
| | ) | |
| VAN CALVIN CALLAHAN, JR., | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

On October 19, 2023, counsel for Defendant Van Calvin Callahan, Jr. filed a motion pursuant to 18 U.S.C. § 4241 for a determination of Defendant's mental competency to stand trial. Doc. 22. On October 20, 2023, counsel for Defendant filed a supplemental motion in support. Doc. 26. On October 23, 2023, the Court granted both motions. Doc. 27. The Court directed a psychological or psychiatric examination of Defendant be conducted and the report be filed with the Court pursuant to 18 U.S.C. §§ 4241 and 4247(b). *Id*.

Defendant was designated to the Federal Correctional Institution, Englewood for psychiatric evaluation. On January 26, 2024, the Court received a psychological report from Jeremiah Dwyer, Ph.D., who concluded Defendant was incompetent to proceed. Doc. 28. In particular, Dr. Dwyer noted that while Defendant "is likely exaggerating some of his reported deficits and symptoms . . . aspects of his presentation are also consistent with experiencing the residual effects of substance use, which is contributing to some degree of irrational thinking" and "persecutory thinking." *Id*. at 15. Dr. Dwyer also noted Defendant reported "profound memory loss and confusion" and "during the evaluation, he displayed virtually no legal knowledge, to

including little understanding of his own current legal situation, or even knowledge so basic it is not indicative of factual understanding." *Id*.

On February 29, 2024, a hearing was held pursuant to 18 U.S.C. § 4247(d) for the purpose of determining Defendant's mental competency to stand trial. Doc. 32. Counsel for the Government, Jessica Jennings on behalf of Ashleigh Ragner; counsel for Defendant, Steve Moss; and Defendant all appeared in person. Counsel for the Government and counsel for Defendant stipulated that the Court could consider Dr. Dwyer's report as if Dr. Dwyer had appeared in person and testified under oath. No additional evidence was offered by the Government or by Defendant.

Based on the record before the Court, and the uncontroverted findings of Dr. Dwyer, it is

RECOMMENDED that the District Court, after conducting its own independent review of the record, find that Defendant Van Calvin Callahan, Jr. is incompetent to understand the nature and consequence of the proceedings against him and assist properly in his defense. It is

RECOMMENDED that, pursuant to 18 U.S.C. § 4241(d), the Court enter an order committing Defendant Callahan to the custody of the Attorney General for hospitalization and treatment in a suitable facility for a reasonable time up to 120 days to determine whether there is a substantial probability that in the foreseeable future, Defendant will attain the capacity to permit the trial to proceed.

Counsel are reminded they have fourteen days in which to file any objections to this Report and Recommendation. A failure to file and serve objections by this date shall bar an attack on appeal of the factual findings in this Report and Recommendation except on the grounds of plain error or manifest injustice.

DATE: February 29, 2024        */s/ W. Brian Gaddy*
W. BRIAN GADDY
UNITED STATES MAGISTRATE JUDGE