IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 23-00197-01-CR-W-HFS |
| VAN CALVIN CALLAHAN, JR., | ) ) ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION**

On October 19, 2023, counsel for Defendant Van Calvin Callahan, Jr., filed a motion pursuant to 18 U.S.C. § 4241 for a determination of Defendant's mental competency to stand trial. Doc. 22. On October 20, 2023, counsel for Defendant filed a supplemental motion in support. Doc. 26. On October 23, 2023, the Court granted both motions. Doc. 27. The Court directed a psychological or psychiatric examination of Defendant be conducted and the report be filed with the Court pursuant to 18 U.S.C. §§ 4241 and 4247(b). *Id*.

After the initial psychiatric report was received (Doc. 28), the Court conducted a competency hearing on February 29, 2024. Doc. 32. Shortly thereafter, the undersigned issued a report, recommending the District Court find Defendant was incompetent to understand the nature and consequences of the proceeding against him and assist in his defense. Doc. 33 at 2. The undersigned also recommended Defendant be committed to the Attorney General's custody for hospitalization and treatment in a suitable facility to determine whether there was a substantial probability that, in the foreseeable future, Defendant would attain the capacity to permit the trial to proceed. *Id*. Neither party objected to the Report and Recommendation.

On March 28, 2024, District Judge Howard F. Sachs adopted the Report and Recommendation. Doc. 35. Judge Sachs remanded Defendant "to the custody of the Attorney General . . . for hospitalization and treatment in a suitable facility" for a period of "time up to 120 days." *Id*. at 2-3. Pursuant to 18 U.S.C. § 4241(d)(1), Defendant was hospitalized for treatment to determine whether there is a substantial probability he will attain the capacity to permit trial to proceed in the foreseeable future.

On December 18, 2024, the Court received a psychological report from Cynthia Turner, Psy.D., who concluded Defendant was not competent to proceed to trial. Doc. 36 at 13. However, she opined there was "a substantial likelihood that he would be restored to competency in the foreseeable future with continued restoration." *Id*. She requested a 120-day extension for competency restoration. *Id*. On December 19, 2024, with no objection from the parties, the undersigned granted the request and ordered Defendant hospitalized for treatment at MCFP – Springfield for an additional period of time, not to exceed 120 days. Doc. 39.

On May 2, 2025, the Court received a psychological report from Dr. Turner. Doc. 40. Therein, she opined Defendant does "not currently exhibit symptoms of a mental disease or defect that impaired his factual or rational understanding of the charges and proceedings against him, nor his ability to assist properly in his defense." *Id*. at 18. Dr. Turner concluded Defendant is competent to proceed in his case, and is expected to remain competent for the foreseeable future. *Id*. The report was accompanied by a Certificate of Restoration of Competency to Stand Trial, dated May 2, 2025, which was signed by Mark King, who is the warden for MCFP – Springfield. Doc. 40-2.

On May 19, 2025, the undersigned conducted a hearing pursuant to 18 U.S.C. §§ 4241(c)-(e) and 4247(d) to determine Defendant's mental competency to stand trial. Doc. 42. At this

2

hearing, both Government counsel and defense counsel confirmed receipt of the psychiatric report and the certificate of restoration. *Id*. The parties stipulated that the Court could consider Dr. Turner's forensic psychological report as if she has appeared in person and testified under oath. *Id*. Neither party presented additional evidence or argument on the issue of restoration or current competency to proceed. *Id*.

Based on the record before the Court and the uncontroverted evidence to which the parties stipulate, including the findings of Dr. Turner, it is

**RECOMMENDED** that the District Court, after conducting its own independent review of the record, find Defendant's competency to stand trial has been restored, and Defendant is presently competent to understand the nature and consequence of the proceedings against him and to assist properly in his defense.

Counsel are reminded that each has 14 days from the date of receipt of a copy of this Report and Recommendation to file and serve specific objections to the same. A failure to file and serve timely objections shall bar attack on appeal of the factual findings in this Report which are accepted or adopted by the District Judge except upon ground of plain error or manifest injustice.

DATE: May 19, 2025        */s/ W. Brian Gaddy*
W. BRIAN GADDY
UNITED STATES MAGISTRATE JUDGE